IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HSBC BANK USA, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
SEMT 2007-2, BY WELLS FARGO
BANK, N.A.,

   Plaintiff,

vs.

RANDALL J. RENNER;
ROSEMARY L. RENNER,

   Defendants.
_____/

Case No. 2:13-cv-0608 KJM DAD PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

   By Notice of Removal filed March 28, 2013, this unlawful detainer action was removed from the Amador County Superior Court by defendant Randall Renner, who is proceeding pro se and has filed an application to proceed in forma pauperis. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

   On April 3, 2013, plaintiff noticed a motion to remand for hearing before the undersigned on May 10, 2013. Review of defendant's notice of removal, however, reveals that hearing of plaintiff's motion to remand is premature.

In this regard, at the outset defendants are advised that one party proceeding pro se may not represent any other party proceeding pro se. See Local Rule 183. Thus, each document submitted for filing by defendants must bear the signatures of all defendants. In this regard, the Notice of Removal should have been signed by each of the two named defendants, but was signed only by defendant Randall Renner. See United Computer Systems, Inc. v. AT & T Corp., 298 F.3d 756, 762 (9th Cir. 2002) ("[T]he usual rule is that all defendants in an action in a state court must join in a petition for removal . . .").

Moreover, it is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)). See also Provincial Gov't of Martinduque, 582 F.3d at 1087. In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

In removing this action, defendant Randall Renner alleges that in this action "Federal question jurisdiction exists because Defendants' demurrer, a pleading depend (sic) on the determination of Defendants' rights and Plaintiff's duties under federal law." (Notice of Removal (Doc. No. 1) at 3.) Specifically, defendant Randall Renner alleges that plaintiff has "failed to comply" with 12 U.S.C. § 5220. (Id. at 2.)

1     It is evident, however, from a reading of plaintiff's complaint and defendants'
2 answer that this is nothing more than a garden-variety unlawful detainer action filed against the
3 former owner of real property located in California and that it is based wholly on California law.
4 As such, the complaint does not involve any "claim or right arising under the Constitution,
5 treaties or laws of the United States" that would have permitted plaintiff to file this action
6 originally in federal court. See 28 U.S.C. § 1441(b).  Moreover, it is evident from defendant
7 Randall Renner's Notice of Removal that any federal claims in this action arise solely from
8 defendants' own affirmative defenses and not from the plaintiff's unlawful detainer complaint.
9 See ARCO Envtl. Remediation, LLC, 213 F.3d at 1113.  Thus, defendant Randall Renner has
10 failed to meet his burden of establishing a basis for federal jurisdiction over this action.
11     Accordingly, IT IS ORDERED that plaintiff's April 3, 2013 motion to remand
12 (Doc. No. 6) is denied without prejudice as moot and is dropped from the court's May 10, 2013
13 calendar.[1]
14     Moreover, IT IS RECOMMENDED that this action be summarily remanded to
15 the Amador County Superior Court and that this case be closed.
16     These findings and recommendations will be submitted to the United States
17 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
18 fourteen days after being served with these findings and recommendations, any party may file
19 written objections with the court and serve a copy on all parties.  A document presenting
20 objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."
21 Any reply to objections shall be filed and served within seven days after service of the objections.
22 /////
23 /////
24 /////

---

25
26     [1] In the event these findings and recommendations are not adopted by the assigned District Judge, plaintiff may re-notice its motion to remand for hearing before the undersigned.

3

1   The parties are advised that failure to file objections within the specified time may waive the
2   right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3   DATED: April 4, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\hsbc-renner0608.ud.f&rs